The STATE of Ohio, Appellee,

v.

CARR, Appellant.

[Cite as *State v. Carr* (1995), 104 Ohio App.3d 699.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 14667.

Decided June 16, 1995.

700

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Laura G. Ulrich*, Assistant Prosecuting Attorney, for appellee.

*David E. Kuns*, for appellant.

_____

GRADY, Judge.

Defendant Robert L. Carr appeals from his conviction and sentence for drug abuse. Carr presents a single assignment of error, which states:

"The trial court erred in proceeding with the trial in the defendant's absence."

Carr's jury trial began on May 16, 1994. At the end of the day's proceedings the state and the defense had both rested their cases. The court ordered the proceedings before the jury recessed for the day, to reconvene the following morning for presentation of closing arguments and jury instructions. Carr was present for all the proceedings that first day.

The following morning, May 17, 1994, defendant Carr failed to appear. The following colloquy appears in the record.

"THE COURT: Let the record show that both counsel are here, that the defendant has failed to appear this morning, that he was instructed when we recessed last evening to be present at nine o'clock this morning, nine o'clock a.m., that the time is now 14 minutes till 10 and he has failed to appear. The Court has determined that, well, since all of the evidence is in, that we will proceed with closing arguments and instructions of the Court pursuant to Criminal Rule 43–A and *State v. Williams*, 19 Ohio App.2d 234 [48 O.O.2d 364, 250 N.E.2d 907].

"The Court has asked the parties—not the parties, the attorneys what, if anything, the jury should be instructed concerning the absence of the defendant. The State has stated that they feel only an instruction that in the defendant's absence, we're proceeding with the balance of the trial. Am I—

"[Prosecuting Attorney]: Yes, that would be correct.

"THE COURT: The defendant's attorney has requested that in addition to that instruction that there be cautionary instruction to the jury that the defendant's absence should not be taken in any way as bearing on the guilt or innocence of the defendant on the allegations of drug abuse in this particular case. Exceptions saved and the Court will do that, the exceptions saved for the State, obviously. We're going to have to do that anyway but there it is. Is that correct?

"[Defense Counsel]: That is correct.

"THE COURT: And we're going to call in the jury to do that."

The court instructed the jury that "the absence of the defendant here today has no part in your deliberations and * * * should not be taken into consideration as any indication or lack of indication of the guilt or innocence of the defendant in this matter."

In *State v. Williams* (1969), 19 Ohio App.2d 234, 48 O.O.2d 364, 250 N.E.2d 907, the Court of Appeals for Trumbull County found no violation of a defendant's constitutional or statutory rights presented by his absence from proceedings on a motion to suppress evidence, distinguishing between proceedings at which evidence is taken and those in which issues of law are determined. Though the motion proceedings in *Williams* were evidentiary, the appellate court found no deprivation of the defendant's rights because his counsel had expressly waived his right to be present and the evidence offered was consistent with that presented at trial, for which he was present.

Since *Williams* was decided the Supreme Court has adopted the Rules of Criminal Procedure. Crim.R. 43(A) states:

"The defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules. In all prosecutions, the defendant's *voluntary absence* after the trial has been commenced in his presence shall not prevent continuing the trial to and including the verdict. A corporation may appear by counsel for all purposes." (Emphasis added.)

Crim.R. 43(A) has essentially superseded the *Williams* analysis. However, *Williams* remains instructive for the considerations it involved, which may also be involved in the application of Crim.R. 43(A).

■    Crim.R. 43(A) rests on the presumption that a defendant who is present at trial knows of his obligation to attend court throughout the trial proceedings. The rule applies to every stage of the trial proceedings, including closing arguments and the court's instructions to the jury. The defendant's opportunity to meaningfully participate in these phases is minimal, at best. Nevertheless, because the provisions of the rule are mandatory, the court may not proceed with the trial after it has commenced in the absence of the defendant unless that absence is voluntary, that is, a product of the defendant's own free choice and unrestrained will.

■    Voluntariness is an issue of fact. Therefore, the trial court must determine that the defendant is voluntarily absent before it can proceed with the trial.

■    In *Williams* the trial court inquired whether the defendant waived his right to appear personally, and his trial counsel replied that the defendant waived that right. Counsel is presumed to be authorized to act for his or her client. Therefore, an express waiver by counsel is sufficient to waive the right because the client's voluntary choice is implicit in and demonstrated by the waiver given by counsel. This express waiver exception also applies to Crim.R. 43(A).

■    If counsel has no explanation for the defendant's absence, the trial court may nevertheless find the absence to be voluntary because the presumption that the defendant knows of his obligation to attend has gone unrebutted. If an explanation is offered, the court must weigh that evidence to determine whether the absence is voluntary. If the court finds that it is, the trial may proceed without the defendant. If the court finds the absence involuntary, the trial must be recessed until the defendant is available to appear or, in the court's discretion, a mistrial may be declared.

■    Here, there was no express waiver by counsel and no inquiry or determination by the trial court concerning the defendant's absence or whether it was voluntary. Any error in that respect is, however, waived because Carr's counsel failed to object to it. *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364. Therefore, our review must proceed under the plain error analysis of Crim.R. 52(B).

■    Plain error does not exist unless it can be said that, but for the error, the outcome of the trial clearly would have been otherwise. *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804. We cannot find that the outcome

of the trial court would clearly have been otherwise had defendant Carr not been absent during the closing arguments and the court's instructions to the jury.

The assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

WOLFF and FREDERICK N. YOUNG, JJ., concur.