DECISION AND JOURNAL ENTRY
Defendant Daniel Perez has appealed from an order of the Medina County Common Pleas Court that denied his petition for postconviction relief and motion for a new trial. This Court affirms.
 I.
On June 11, 1985, Defendant was indicted on two counts of rape, in violation of R.C. 2907.02(A)(3).[1] The indictment contained allegations that Defendant committed two sexual offenses against the victim, his eleven-year old daughter. Defendant pled not guilty to each count, and the case proceeded to trial. The jury found Defendant guilty on both counts, and he was sentenced to two consecutive terms of life imprisonment.
Defendant timely appealed his sentence and conviction on December 31, 1985, which this Court affirmed. See State v. Perez
(Aug. 20, 1986), Medina App. No. 1482-M, unreported. On September 16, 1996, Defendant filed a "Petition to Vacate or Set Aside Sentence or, in the alternative, a New Trial," alleging that newly discovered evidence would prove his innocence.[2] Attached to his motion was an affidavit from the victim wherein she recanted her testimony at trial. The trial court conducted a hearing on his motion and denied his request. Defendant timely appealed, asserting three assignments of error. Defendant's assignments of error have been rearranged for ease of discussion. Before addressing Defendant's arguments, this Court will first set forth the grounds for a new trial and for postconviction relief.
 II.
Crim.R. 33(A) provides, in pertinent part, that:
 A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
* * *
 (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.
The granting of a motion for new trial is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. State v. Schiebel (1990),55 Ohio St.3d 71, paragraph one of the syllabus. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Bresson (1990), 51 Ohio St.3d 123,129.
Pursuant to R.C. 2953.21(A)(1), postconviction relief is only proper when there has been "a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]" Before a court will grant a hearing on a petition for postconviction relief, the court must first determine whether there are substantive grounds for relief. R.C. 2953.21(C).[3]
A postconviction hearing is a civil proceeding. State v. Nichols
(1984), 11 Ohio St.3d 40, 42- 43. The petitioner has the burden of proving his claims by a preponderance of the evidence. Statev. Aldridge (1997), 120 Ohio App.3d 122, 136. "The denial of due process may be a sufficient basis for a petition for postconviction relief." Id. at 137.
 A. Assignment of Error Number One Defendant was denied due process of law when he was [not] awarded a new trial when Defendant had been ordered out of the courtroom during testimony of [the victim].[4]
In his first assignment of error, Defendant has argued that his constitutional right to confront the victim was violated when the trial court ordered him to leave the courtroom during the victim's testimony. Specifically, Defendant has asserted that both the trial court and his attorney, Roger Ingraham, suggested that he leave the courtroom during the victim's testimony and when he complied he was deprived of his constitutional right to confront the victim. This Court disagrees.
Crim.R. 43(A) provides that:
 The defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules. In all prosecutions, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the verdict. A corporation may appear by counsel for all purposes.
The United States Supreme Court has held that a defendant has waived his right to be present at his criminal trial by his voluntary absence. Taylor v. United States (1973),414 U.S. 17, 19-20, 38 L.Ed.2d 174, 177-178.[5] Because voluntariness is an issue of fact, the trial court must determine whether the defendant's absence is voluntary, before proceeding with the trial. State v. Carr (1995),104 Ohio App.3d 699, 703. An express waiver by the defendant's counsel is sufficient to prove that the defendant's absence was voluntary, because there is a presumption that trial counsel is authorized to act for his client. Id. "If an explanation is offered, the court must weigh that evidence to determine whether the absence is voluntary." Id. When weighing the evidence, an appellate court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. A new trial is warranted only in the exceptional case where the evidence weighs heavily in favor of the defendant. Id.
In the case at bar, neither party has disputed the fact that Defendant was absent from the courtroom during a portion of the victim's testimony. At Defendant's postconviction hearing; his attorney, the prosecutor, and a juror testified that neither the trial court nor Mr. Ingraham told Defendant to leave the courtroom. On the contrary, Defendant, the victim, and Defendant's brother testified at the hearing that Defendant was ordered out of the courtroom.
The transcript of the trial reflected that the trial court ordered a short recess during the victim's testimony. After the recess, the State noted Defendant's absence:
 Mr. Kramer: Your Honor, for purposes of the record, I want it noted that [Defendant] is not in the room at this time.
Mr. Ingraham: That's right.
 Mr. Kramer: Whether Mr. Ingraham chooses to continue or not.
 Mr. Ingraham: I have no problem with continuing. He'll be right back.
Based on the above testimony, this Court concludes that the trial court's determination that Defendant's absence was voluntary is not against the manifest weight of the evidence. Even assuming that his counsel did not waive his right to be present, the evidence in this case does not weigh heavily in Defendant's favor. There was evidence that Defendant was not present during a portion of the victim's testimony; however, this does not prove that he was ordered out of the courtroom. The trial court was entitled to believe the testimony of both attorneys and a juror at the postconviction hearing. Defendant's first assignment of error is overruled.
 B. Assignment of Error Number Three Defendant was denied due process of law when the court made a credibility determination of a witness the court did not see in the first instance.
In his third assignment of error, Defendant has argued that his constitutional rights were violated because a jury should have decided whether the victim's testimony was credible. This Court disagrees.
Before granting a motion for a new trial on the ground that a witness recanted his or her testimony, a trial court must determine whether the statements of the recanting witness are credible and true; and if the statements are to be believed, whether they would materially affect the outcome of the trial.State v. Kimbro (Nov. 29. 1995), Lorain App. No. 94CA005958, unreported, at 4, citing State v. Priman (1994), 94 Ohio App.3d 203,209. In the hearing, the trial court determines whether the cwitness' trial testimony is more credible than the witness' recantation. See Kimbro, supra, at 4. This determination is within the sound discretion of the trial court, and will not be disturbed absent an abuse of discretion. See id. at 3. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Bresson, 51 Ohio St.3d at 129.
At trial, the victim testified that the Defendant had penetrated her anally and vaginally and that he had compelled her to engage in oral sex with him. The medical report of Dr. Watson from Akron Children's Hospital supported the victim's testimony. At the postconviction hearing, Dr. Steiner testified as an expert that, based upon the evidence in the trial, an eleven-year old boy could not cause the injuries to the victim. It was Dr.'s Steiner's opinion, within a reasonable degree of medical certainty, that the victim suffered forceful and repeated sexual abuse from an adult male.
At the postconviction hearing, the victim testified that she had lied at trial and denied the allegations that Defendant had sexually abused her. The victim stated that she had engaged in sexual activities with a boy her age. When asked for details about the boy or the case, she could not remember the people and events surrounding the case because she was eleven years old at the time of the trial. The victim also stated that she felt guilty, missed her father, and would like for her family to be together. Lastly, she testified that she had a history of psychological problems, resulting from her separation from her family and the allegations of sexual abuse.
After reviewing all the evidence at the postconviction hearing, the trial court determined that the victim did not lie under oath when she testified at Defendant's trial in 1985. Further, the trial court found that the victim's desire to reconcile with her family led her to commit perjury at the postconviction hearing. In light of the foregoing, the trial court did not abuse its discretion by giving the victim's trial testimony more credibility than her recantation at the postconviction hearing. Defendant's third assignment of error is overruled.
 C. Assignment of Error Number Two Defendant was denied due process of law when he was not awarded a new trial when his conviction is based on perjured testimony.
In his second assignment of error, Defendant has asserted that his constitutional right to a fair trial was violated because his conviction is based on the perjured testimony of the victim. Based on this Court's determination of Defendant's third assignment of error, his second assignment of error is moot. App.R. 12(A)(1)(c).
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
FOR THE COURT, BAIRD, P. J., SLABY, J., CONCUR.
[1] After Defendant's conviction, R.C. 2907.02 was amended in 1986, 1993, 1996, and 1998.
[2] R.C. 2953.21 was amended with an effective date of September 21, 1995. Because Defendant filed his petition on September 16, 1996, the petition was timely filed.
[3] In the case at bar, the trial court determined that Defendant had met his burden of presenting sufficient evidence to warrant a hearing.
[4] Defendant could not have raised his first assignment of error on appeal because the attorney who represented him at trial also represented him for his direct appeal. Thus, his argument in this petition for postconviction relief is not barred by the doctrine of res judicata.
[5] Although Crim.R. 43(A) has superseded Taylor, the case remains instructive for the considerations it involved with regard to the application of Crim.R. 43(A).