JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Nathaniel George ("George") appeals his conviction and sentence for attempted sexual battery. Finding no merit to the appeal, we affirm the judgment.
 {¶ 2} On October 17, 2000, George was indicted on one count of rape and one count of kidnapping with a sexual motivation specification. At a bench trial, the victim, who was 18 years old, testified that he was walking to a store on Northfield Road when George grabbed his arm, struck the back of his head, and took him to an apartment on Rockside Road. The victim further testified that George pinned him down, undressed him, and proceeded to rape him both orally and anally. Finally, the victim escaped from the apartment and telephoned his mother, who told him to call 911.
 {¶ 3} George, who was 39 years old, testified that although he had never met the victim, the victim came to his apartment voluntarily and willingly participated in the sexual activity. George further testified that although the victim verbally consented to anal sex, George abandoned his efforts to penetrate the victim when the victim "tensed" his body. Finally, George stated that he gave the victim his telephone number, and the victim subsequently called George and denied accusing him of rape.
 {¶ 4} The court, acting as the fact finder, rendered a verdict finding George guilty of attempted sexual battery, a lesser included offense of rape. The court concluded that the victim went to George's apartment voluntarily and consented to some of the sexual activity. However, the court found the victim was not a willing participant in the attempted anal intercourse and, therefore, found George guilty of attempted sexual battery.
 {¶ 5} At sentencing, the court found that the presumption against a prison sentence for a fourth degree felony did not apply to attempted sexual battery because it was a sex offense. The court found this incident to be one of the worst forms of the offense and that a minimum sentence would demean the seriousness of the crime. Accordingly, the court sentenced George to nine months in prison and five years of post-release control.
 {¶ 6} George raises three assignments of error on appeal.
 Prison Sentence {¶ 7} In his first assignment of error, George argues the trial court erroneously imposed a prison sentence even though this was his first felony conviction and it was a fourth degree felony, which carried a presumption of a nonprison sentence. George claims that because attempted sexual battery is a felony of the third degree pursuant to R.C. 2907.03(B), the trial court erroneously applied the sentencing factors in R.C. 2929.13(B)(1)(f) when it sentenced him to prison.
 {¶ 8} However, while sexual battery is a third degree felony under R.C. 2907.03(B), attempted sexual battery is a felony of the fourth degree under R.C. 2907.03(B) and 2923.02, the attempt statute. Therefore, the trial court was correct in applying the sentencing factors set forth in R.C. 2929.13(B)(1)(f) when sentencing George.
 {¶ 9} R.C. 2929.13(B)(1)(f) provides, in pertinent part, as follows:
"(B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
* * *
(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03 * * * of the Revised Code."
 {¶ 10} Attempted sexual battery is a fourth degree felony sex offense. Therefore, R.C. 2929.13(B)(2) applies, as follows:
"If the court makes a finding described in division (B)(1)(a), (b),(c), (d), (e), (f), (g), or (h) of this section and if the court, afterconsidering the factors set forth in 2929.12 of the Revised Code, findsthat a prison term is consistent with the purposes and principles ofsentencing set forth in section 2929.11 of the Revised Code and findsthat the offender is not amenable to an available community controlsanction, the court shall impose a prison term on the offender."
 {¶ 11} In this case, the trial court clearly considered the mandatory statutory factors in sentencing George. The trial court expressly noted the presumption that favors community control sanctions for this fourth degree felony, which was George's first felony conviction. However, the court found that the presumption was overridden because the attempted sexual battery was one of the worst forms of the offense the court had ever seen and because of the seriousness of the offense. The court explained:
"It's very clear to the Court that this victim has been seriously emotionally injured by this matter, not only in his personal life, but in terms of what — not only his own emotional life, but also in terms of impact that it's had on his family which has been very, very substantial here.
* * *
It's not like, as you testified yourself, where you might meet somebody at a bar or some other place like that, form a friendship. Even if you form a friendship with somebody who lives in the same apartment building with you, and that would be with adults, but this is somebody who is clearly an immature person.
So you're really playing with the growth or immaturity of a young person, not dealing with somebody else who is mature.
So I frankly have to come to the conclusion that this is one of the worst forms of this particular kind of offense."
Accordingly, we find that the trial court clearly complied with the applicable sentencing statutes and properly sentenced George to a prison term. Therefore, the first assignment of error is overruled.
 Sufficiency and Weight of the Evidence {¶ 12} In his second assignment of error, George argues the verdict was not supported by sufficient evidence or by the weight of the evidence. George was originally indicted on charges of rape and kidnapping. The court found him not guilty on both charges but found him guilty of attempted sexual battery, a lesser included offense of rape under R.C. 2907.03(A)(1) and 2907.02(A)(2). George argues the trial court erroneously found him guilty of attempted sexual battery under R.C.2907.03(A)(2), which requires proof that the offender was aware "* * * that the other person's ability to appraise the nature of or control the other person's conduct is substantially impaired." George maintains the court could not find him guilty under R.C. 2907.03(A)(2) because attempted sexual battery under that section of the statute is not a lesser included offense of rape.
 {¶ 13} Although the trial court mentioned the victim's emotional vulnerability and learning disability, the court never stated that it found the victim was incapable of understanding the nature of George's conduct. Further, the trial court did not specify which section of R.C.2907.03(A) George violated. Moreover, having found George guilty of attempted sexual battery as a lesser included offense of rape, it must have found that George violated R.C. 2907.03(A)(1).
 {¶ 14} George argues the evidence did not support a conviction of attempted sexual battery under R.C. 2907.03(A)(1) because the evidence did not support a finding that George compelled the victim to submit by force or threat of force.
 {¶ 15} The Ohio Supreme Court set forth the test for sufficiency of the evidence in State v. Martin (1983), 20 Ohio App.3d 172, at 175:
"As to the claim of insufficiency of the evidence, the test is whether after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence."
 {¶ 16} This test has also been recognized in State v. Taylor
(1997), 78 Ohio St.3d 15, where the court stated:
"* * * the relevant inquiry is whether, after reviewing the evidence ina light most favorable to the prosecution, any rational trier of factcould have found the essential elements of the crime proven beyond areasonable doubt * * *." Id. at 18.
 {¶ 17} Thus, the sufficiency test raises a question of law involving a review of the evidence in a light most favorable to the State to determine whether evidence has been presented on all of the essential elements of the crime.
 {¶ 18} As the Ohio Supreme Court reiterated in State v. Thompkins
(1997), 78 Ohio St.3d 380 at 387, the appropriate test to be utilized when addressing the issue of manifest weight of the evidence was set forth in State v. Martin (1983), 20 Ohio App.3d 172 at 175, as follows:
"There being sufficient evidence to support the conviction as a matterof law, we next consider the claim that the judgment was against themanifest weight of the evidence. Here the test is much broader. Thecourt, reviewing the entire record, weighs the evidence and allreasonable inferences, considers the credibility of witnesses anddetermines whether in resolving conflicts in the evidence, the juryclearly lost its way and created such a manifest miscarriage of justicethat the conviction must be reversed and a new trial ordered.* * * SeeTibbs v. Florida (1982), 457 U.S. 31, 38."
 {¶ 19} The weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, syllabus 1. Thus, a reviewing court may not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the State has proven the offense beyond a reasonable doubt. State v. Eley (1978), 56 Ohio St.2d 169; State v.Jenks (1991), 61 Ohio St.3d 259.
 {¶ 20} Here, the court found George guilty of attempted sexual battery, a lesser included offense of rape under R.C. 2907.03(A)(1), which provides:
"No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:
the offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution."
 {¶ 21} George testified that when he attempted to place his penis in the victim's rectum, the victim "cringed" and "tensed up" so he withdrew his penis. Shortly thereafter, George again attempted to penetrate the victim and again the victim "tensed up."
 {¶ 22} The victim testified that all of the sexual acts were against his will. The victim further testified that he attempted to escape by kicking George. After fleeing the apartment, the victim called his mother and asked for the phone number of the police because he had been raped. The victim's mother testified that when they arrived at the hospital, it took 15 minutes to console her crying son. While she was attempting to comfort him, he grabbed her arm and asked, "Why did it have to happen to me?"
 {¶ 23} Viewing the evidence in a light most favorable to the State, we conclude there was sufficient evidence to support the court's finding that George engaged the victim in sexual activity with force and against his will. The victim testified that all of the sexual acts were against his will. The victim also described his struggle to break away from George before the attempted sexual battery occurred. This evidence is more than sufficient to support the conviction.
 {¶ 24} The verdict was also supported by the weight of the evidence. George's repeated attempts to penetrate the victim illustrate the fact that the victim was not a willing participant to anal intercourse. Therefore, the second assignment of error is overruled.
 Verdict Rendered in George's Absence {¶ 25} In his third assignment of error, George argues the trial court violated his right to due process when it returned a guilty verdict in his absence. George's trial counsel did not object when the court returned its verdict in George's absence. Therefore, this asserted error is reviewed only for plain error. See Crim.R. 52(B); State v. White
(1998), 82 Ohio St.3d 16; State v. Carr (1995), 104 Ohio App.3d 699, 703
(failure to object to defendant's absence from proceedings).
 {¶ 26} To show plain error, a defendant must demonstrate "that the trial's outcome would clearly have been different but for the alleged errors." State v. Campbell (1994), 69 Ohio St.3d 38, 49. Notice of plain error is taken with the utmost caution, under exceptional circumstances, and only to prevent the manifest miscarriage of justice. State v.Landrum (1990), 53 Ohio St.3d 107, 111.
 {¶ 27} Although George had an absolute right to be present when the court returned its verdict (see State v. Sutherlin (1996),111 Ohio App.3d 287, 293; Crim.R. 43(A)), George's absence from the courtroom did not prejudice him. He was able to testify at trial and was afforded his right of allocution at sentencing. Unlike the opportunities provided at trial and sentencing where the defendant is given an opportunity to speak on his own behalf, there was nothing he could have said at the time the court returned the verdict which would have changed the outcome. Therefore, because George cannot demonstrate he was prejudiced by his absence when the court returned the verdict, the third assignment of error is overruled.
Judgment affirmed.
Frank D. Celebrezze, Jr., P.J. Concurs; Diane Karpinski, J. Concurs In Part And Dissents In Part (See Separate Concurring And Dissenting Opinion)