[Cite as *State v. Paige*, 2012-Ohio-5727.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   97939

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMES PAIGE

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED IN PART,
## REVERSED IN PART, AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-552029

**BEFORE:**   Keough, J., Blackmon, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** December 6, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender

BY:   John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Mollie Ann Murphy
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, James Paige ("Paige"), appeals his convictions for drug possession. For the reasons that follow, we affirm in part, reverse in part, and remand.

{¶2} In July 2011, Paige and codefendant, Tracy Pearson, were charged in a six count indictment with three counts of drug trafficking, two counts of drug possession, and one count of possession of criminal tools. Each count contained money forfeiture specifications. The matter proceeded to trial before the bench where the following evidence was presented.

{¶3} On July 1, 2011, Officers Christopher Mobley and Mitchell Sheehan were conducting surveillance on Fairport Avenue in Cleveland due to recent complaints of drug activity. As they patrolled the area, they observed a car parked in the driveway of a vacant auto repair shop with a male in the driver's seat. The officers parked their zone car away from the shop and walked through several yards to continue observing the vehicle. Officer Mobley testified he was using binoculars and witnessed several people approach the vehicle, including a male who leaned inside the passenger window. Officer Mobley testified that he saw Pearson enter the vehicle and after about two minutes, exit the vehicle. He then observed the driver of the car throw a can out the window, start the vehicle, and depress the brake illuminating the brake lights. According to Officer Mobley, he radioed

Officer Sheehan, who was now waiting in the zone car, that they were going to approach the vehicle to at least issue a littering citation to the driver.

{¶4} The officers located the vehicle heading south on West 123rd Street and conducted a stop. They observed three people seated inside the vehicle — Paige driving, Pearson in the front passenger seat, and another female in the back seat on the passenger side. As they approached the vehicle, the officers observed Pearson making movements toward the lower area where the center console was located. After ordering Pearson out of the car, Officer Mobley observed an open beer can in the passenger's side cup holder and bags of marijuana on the floor between the passenger's seat and console area.

{¶5} Officer Sheehan approached the driver side of the vehicle and asked Paige for his license and insurance. When Paige could not produce a license, he was placed under arrest for operating a vehicle without a license. Officer Sheehan testified that he then observed an open coin tray to the left of the steering wheel that contained crack cocaine. He further testified that as he was about to search the console area where Pearson was making movements, he discovered additional crack cocaine in the air vent directly above the coin tray. He also discovered another rock of crack cocaine by the shifter barrel near the center console area. The total amount of crack cocaine located weighed less than two-tenths of a gram.

{¶6} Paige testified at trial that he drove his uncle's car to the store to cash two checks and pay his rent. During this time, he received a call from Pearson asking him to drive her to Fairport Avenue to her niece's house. He dropped Pearson off on Fairport, parked in a vacant store driveway, and waited for Pearson to return. While waiting, he threw an old aluminum can out the window into a trash container. At that time, Pearson returned to the car with her niece, and they proceeded to drive away. At trial, Paige denied having any knowledge of the drugs found in the car and testified that his uncle also allows others to drive the car.

{¶7} The trial court found Paige guilty of both counts of drug possession, but not guilty of the remaining counts, including the forfeiture specifications. The trial court sentenced Paige to one year of community control sanctions.

{¶8} Paige appeals his convictions, raising four assignments of error, which will be addressed together where appropriate.

I. Due Process/Sufficiency and Manifest Weight of the Evidence

{¶9} In his first assignment of error, Paige contends he was denied due process of law when his case was decided by the trial judge's application of an incorrect understanding of the legal principle of possession, specifically constructive possession. In his second assignment of error, Paige contends that the evidence was only sufficient to sustain a single conviction for

possession of less than one gram of cocaine base — a fifth degree felony. In his third assignment of error, Paige contends the verdict was against the manifest weight of the evidence.

{¶10} When an appellate court reviews a claim of insufficient evidence, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶11} On the other hand, the weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. *State v. Robinson*, 8th Dist. No. 96463, 2011-Ohio-6077, ¶ 14, citing *State v. Brindley*, 10th Dist. No. 01AP-926, 2002-Ohio-2425, ¶ 16. When presented with a challenge to the manifest weight of the evidence, an appellate court, after

> "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."

*State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st

Dist.1983). An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most "exceptional case in which the evidence weighs heavily against the conviction." *Thompkins* at 387.

{¶12} Paige was charged with two counts of drug possession in violation of R.C. 2929.11(A), which prohibits a person from "knowingly obtaining, possessing, or using a controlled substance."

{¶13} The state proceeded under the theory that Paige had constructive possession over the crack cocaine found in the vehicle. Circumstantial evidence alone is sufficient to prove constructive possession. *Jenks*, 61 Ohio St.3d at 272, 574 N.E.2d 492. Although the mere presence of an individual in the vicinity of illegal drugs is insufficient to establish the element of possession, if the evidence demonstrates that the defendant was able to exercise dominion or control over the drugs, the defendant may be convicted of possession. *State v. Wolery*, 46 Ohio St.2d 316, 329, 348 N.E.2d 351 (1976); *State v. Haynes*, 25 Ohio St.2d 264, 267 N.E.2d 787 (1971). This court has specifically held that the discovery of readily accessible drugs in proximity to a person constitutes circumstantial evidence that the person was in constructive possession of the drugs. *State v. Pavlick*, 8th Dist. No. 81925, 2003-Ohio-6632, ¶ 17.

{¶14} Paige first contends that he was denied due process of law when the trial court misapprehended the law on constructive possession. In finding Paige guilty of the two counts of drug possession, the trial court stated:

> The crack cocaine was not only present in the vehicle, but sufficiently visible that the officers could see it as they approached.
>
> I cannot believe that a person would be driving that car for any length of time without noticing that there is something there and being alerted to that sufficiently that he should have, the defendant should have done something to separate himself from the drugs, either get rid of them, get out of the car, but it's simply not credible that anybody would be driving a vehicle like that without knowing.
>
> And since possession, constructive possession merely requires being in proximity to the drugs under the circumstances that would lead him reasonable to expect he would know they're there, the defendant must be found guilty of Counts 2 and 4.

{¶15} Paige argues that contrary to the trial court's statement and definition, the combination of knowledge of and proximity to a controlled substance does not constitute possession.

{¶16} While the trial court's statements regarding constructive possession were distorted, the evidence at trial was sufficient to support a conviction for drug possession under the constructive possession theory. The evidence showed that Paige was seated in the driver's seat of the vehicle at all times. Officer Sheehan testified that after Paige was removed from the

vehicle, he noticed an open coin tray directly to the left of the steering wheel containing particles of crack cocaine. When he investigated further, he could clearly see additional crack cocaine inside the air vent that was also located to the left of the steering wheel.

{¶17} Officer Mobley testified that the coin tray and air vent were located on the left side of the steering wheel, accessible only to the driver, and he did not observe Pearson reach across Paige at any time. According to Officer Mobley, the air vent was located directly above the coin tray. Viewing the evidence in the light most favorable to the state, we find that sufficient evidence exists to support a conviction for drug possession. We also find that the conviction was not against the manifest weight of the evidence. Although Paige testified that he was not the only person who drove his uncle's car, Officer Sheehan testified that the crack cocaine was clearly visible in both the open coin tray and air vent that were located directly to the left of the steering wheel and where Paige was seated. We cannot say that the trial court lost its way and created such a manifest miscarriage of justice that Paige's drug possession conviction must be reversed.

{¶18} Nevertheless, we agree with Paige that the evidence is only sufficient to support one conviction of drug possession. Crack cocaine was found in both the coin tray and in the air vent that were of such close

proximity and in such a nominal amount that Paige should have only been convicted of one count of drug possession. Officer Mobley testified that the "air vent was directly above the coin tray."

{¶19} While we recognize that crack cocaine was also found by the shifter barrel, the evidence demonstrated that both Paige and his codefendant were able to exercise dominion and control over the drug. Moreover, Pearson made furtive movements in that direction. Because the contraband was accessible to both Paige and Pearson, the evidence is insufficient to sustain a conviction against Paige. *See State v. Mayer*, 8th Dist. No. 80168, 2003-Ohio-1, *State v. Duganitz*, 76 Ohio App.3d 363, 601 N.E.2d 642 (8th Dist.1991).

{¶20} Moreover, we agree with Paige and the state concedes, that the evidence was insufficient to support a conviction for a fourth degree felony of possession based on the lab report. The lab report reveals a total combined weight of 0.18 grams of crack cocaine that was found inside the vehicle. Because the amount of crack cocaine found does not exceed one gram, the felony level is that of a fifth degree.

{¶21} Accordingly, we find some merit to Paige's second assignment of error and reverse one of his convictions for drug possession. On remand, the trial court should proceed with sentencing on one count of drug possession, a felony of the fifth degree.

## II. Absence at Trial

{¶22} In his final assignment of error, Paige contends that the trial court erred when it proceeded with the trial in his absence.

{¶23} Crim.R. 43(A) mandates the presence of a defendant after the commencement of trial unless that absence is voluntary. *State v. Sutherlin*, 111 Ohio App.3d 287, 676 N.E.2d 127 (1st Dist.1996). A defendant's absence is voluntary if it is a product of his own free choice and unrestrained will. *State v. Carr*, 104 Ohio App.3d 699, 703, 663 N.E.2d 341 (2d Dist.1995). Voluntariness is an issue for the trial court to determine. *Id.* Accordingly, the "trial court must determine that the defendant is voluntarily absent before it can proceed with the trial." *Id.*

{¶24} The record reflects that the trial court advised the parties after the first day of trial that the court stood in recess until 9 o'clock the following morning to reconvene with trial. The following morning, at 9:07 a.m., the court stated on the record:

> Let me put on the record that it's now seven minutes past nine. The case was — all counsel and the parties were notified to be present at 9:00 for the trial to resume.
>
> All counsel are now present, but the defendants have not appeared. We will get started without them.

The trial court did not ask either defense attorneys about their clients' whereabouts; rather, it decided to proceed without the defendants, including Paige.

**{¶25}** Because Paige's counsel failed to object, interject, or explain why Paige was not in attendance when trial was to reconvene, we review this asserted error only for plain error. *See* Crim.R. 52(B); *State v. White*, 82 Ohio St.3d 16, 1998-Ohio-363, 693 N.E.2d 772; *Carr* at 703 (failure to object to defendant's absence from proceedings) *compare Sutherlin* at 293 (the right of a defendant to be present at trial is so fundamental that it cannot be removed except by a voluntary, intelligent, and express waiver.)

**{¶26}** To show plain error, a defendant must demonstrate "that the trial's outcome would clearly have been different but for the alleged error." *State v. Campbell*, 69 Ohio St.3d 38, 49, 1994-Ohio-492, 630 N.E.2d 339. Notice of plain error is taken with the utmost caution, under exceptional circumstances, and only to prevent the manifest miscarriage of justice. *State v. Landrum*, 53 Ohio St.3d 107, 111, 559 N.E.2d 710 (1990).

**{¶27}** Although Paige had an absolute right to be present when the court reconvened with trial the following morning, we cannot find that the outcome of the trial would clearly have been otherwise had Paige been present at the beginning of the second day of trial. The record shows that Paige arrived at in the courtroom towards the end of Officer Sheehan's direct

testimony.   However, his defense counsel was present and Paige was present during his counsel's extensive cross-examination of Officer Sheehan.

{¶28}   Even if the court erred in proceeding with the trial without Paige being present, Paige has failed to demonstrate how he was prejudiced. From our review of the record, we cannot say that he was prejudiced considering that he was only found guilty of the possession charges, about which Paige's defense counsel extensively cross-examined the officers. Additionally, there is nothing in the record to rebut the presumption that Paige knew of his obligation to attend the proceedings; thus, his absence can only be presumed to have been voluntary. *See, e.g., Carr*, 104 Ohio App.3d at 703, 663 N.E.2d 341.

{¶29} While we find that the better course is for the trial court to make an inquiry as to a defendant's whereabouts before proceeding with trial in a defendant's absence, we find no plain error under the facts and circumstances of this case.   Paige's fourth assignment of error is overruled.

{¶30} Judgment affirmed in part, reversed in part, and remanded for further proceedings consistent with this court's opinion.

It is ordered that the parties share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's

convictions having been affirmed in part, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

PATRICIA ANN BLACKMON, A.J., and
MELODY J. STEWART, J., CONCUR