The STATE of Ohio, Appellee,

v.

HACKWORTH, Appellant.

[Cite as *State v. Hackworth* (1992), 80 Ohio App.3d 362.]

Court of Appeals of Ohio,
Sandusky County.

No. S–91–27.

Decided May 29, 1992.

*John E. Meyers*, Prosecuting Attorney, and *Ronald Mayle*, Assistant Prosecuting Attorney, for appellee.

*Jerry Arthur Jewett*, for appellant.

SHERCK, Judge.

This is an appeal from a judgment and sentence issued by the Sandusky County Court of Common Pleas following the return of a jury's verdict of guilty. Appellant was convicted of two counts of trafficking in marijuana in violation of R.C. 2925.03. Count 1 of the indictment alleged a sale of less than the bulk amount; Count 2 alleged a sale in excess of three times the bulk amount. Because we find that the authorities did not entrap appellant, we affirm his conviction on Count 1. Because we find the state proved statutory venue, we also affirm his conviction on Count 2.

Appellant is William L. Hackworth, Jr., who was arrested as part of an undercover drug sting operation in Clyde, Ohio.

In June 1990, an undercover narcotics agent, acting on information that appellant Hackworth sold drugs, approached appellant and offered to purchase marijuana. The undercover agent later testified at trial that appellant was unable or unwilling to sell to him at that time. However, the undercover agent further testified that appellant, in a later conversation, told him that there were times he "could have got me five gallon buckets full." As a result of appellant's comments, the agent again approached appellant in November 1990. Once again, appellant was unable or unwilling to deal with the undercover agent.

On January 3, 1991, the undercover agent, this time accompanied by a second agent, saw appellant at a Clyde gas station. The agent initiated contact. The agents testified that a conversation ensued with appellant wherein he agreed to sell them a quarter ounce of marijuana for $55. The agents gave appellant the money requested. Appellant left and returned a few minutes later with four grams of a substance later determined to be marijuana. The transaction was recorded by the agents on a concealed tape recorder. The recording was introduced into evidence.

Sometime later, according to prosecution witnesses, agents and appellant discussed the purchase of a significantly larger quantity of marijuana. On March 13, 1991, these discussions evolved into negotiations for the sale of

several pounds of marijuana. According to the testimony of the undercover agents, during the negotiations appellant carried offers and counteroffers between the agents and appellant's suppliers. The testimony was that the negotiations consumed most of the afternoon of March 13 and resulted in an agreement for the agents to purchase two pounds of marijuana at a price of $1,750 per pound.

Agents were to bring $3,500 to the home of one of the undercover agents, located in Riley Township, Sandusky County. There, appellant would meet them and take them to his supplier who was understood to be nearby. At the appointed hour appellant, accompanied by another man, picked up the two narcotics agents. However, instead of transporting the agents a short distance, appellant drove them to the city of Sandusky in Erie County. There, in a parking lot, the money was exchanged for two pounds of marijuana.

On March 11, 1991, two days prior to the second alleged sale, the Sandusky County Grand Jury indicted appellant for trafficking in marijuana in violation of R.C. 2925.03, a fourth degree felony. The indictment concerned the January 3, 1991 transaction. The indictment was later amended to include a second count under the same statute alleging trafficking of marijuana in excess of three times the bulk amount, a second degree felony. This count concerned the March 13 sale.

Appellant's jury trial commenced April 23, 1991. At trial appellee, state of Ohio, presented the testimony of three undercover agents to establish its case. The parties stipulated that the substance in question was marijuana. Appellee then rested.

At the close of appellee's case, appellant moved for a directed verdict in his favor pursuant to Crim.R. 29, arguing that the state had failed to make a prima facie case with respect to Count 1 and had failed to prove proper venue with respect to Count 2. The trial court denied appellant's motion. Appellant rested without presenting any evidence.

Closing arguments were presented by counsel, and the case was submitted to the jury with an instruction that the jury should acquit if it should find, by a preponderance of the evidence, that appellant was entrapped by the authorities. The court also instructed the jury that if it did not find beyond a reasonable doubt that a sale had been made in Sandusky County, then the state had failed to prove venue and an acquittal must follow. The court defined "sale" as an offer and acceptance, a meeting of the minds as to all essential elements of the transaction.

The jury returned a verdict of guilty on both counts. The trial court entered judgment on the verdict and sentenced appellant. From this judgment and sentence appellant appeals, offering two assignments of error:

"I. The defendant has established by a preponderance of the evidence that he was entrapped into selling marijuana on January 3, 1991, and it was reversible error for the Jury to have found him guilty of selling marijuana on January 3, 1991.

"II. The Court of Common Pleas committed reversible error when it overruled the defendant's motion to dismiss the charge of sale of marijuana on March 13, 1991 because venue for the offense did not lie in Sandusky County, Ohio."

I

█ We find appellant's first assignment of error to be without merit.

"[E]ntrapment is not established when government officials 'merely afford opportunities or facilities for the commission of an offense' and it is shown that the accused was predisposed to commit the offense." *State v. Doran* (1983), 5 Ohio St.3d 187, 192, 5 OBR 404, 409, 449 N.E.2d 1295, 1299, citing *Sherman v. United States* (1958), 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848.

Although appellant argues that he was not predisposed to commit the crime, his uncontradicted words reveal otherwise. According to an undercover agent, appellant had told him during their second encounter that he could supply "five gallon buckets" of marijuana. Thus, the jury could well have determined that the delay in consummating a sale was due not for a lack of predisposition to commit the crime as much as for a lack of inventory. This would be a reasonable inference to have been drawn from the evidence presented. It would form a substantial basis for the jury to reject appellant's entrapment defense and to convict him on Count 1 of the indictment. *State v. Eley* (1978), 56 Ohio St.2d 169, 172, 10 O.O.3d 340, 341–342, 383 N.E.2d 132, 134; *State v. Jenks* (1991), 61 Ohio St.3d 259, 263, 574 N.E.2d 492, 496. Accordingly, appellant's first assignment of error is not well taken.

II

█ In his second assignment of error appellant asserts that the trial court erred in overruling his Crim.R. 29 motion for acquittal made at the close of the state's case. Appellant argues that the state failed to introduce evidence that the alleged crime described in Count 2 of the indictment or any of its elements occurred in Sandusky County. Appellant maintains that since the evidence indicates that the actual exchange of money and marijuana took place in Erie County, the state failed to prove proper venue in Sandusky County.

While "[v]enue is not a material element of any offense charged[,] * * * [i]n all criminal prosecutions, venue is a fact that must be proved at trial unless waived." *State v. Draggo* (1981), 65 Ohio St.2d 88, 90, 19 O.O.3d 294, 295, 418 N.E.2d 1343, 1345.

"The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element thereof was committed." R.C. 2901.12(A).

"When an offender, as part of course of criminal conduct, commits offenses in different jurisdictions, he may be tried for all such offenses in any jurisdiction in which one such offense or any element of one of those offenses occurred. * * * [A]ny of the following is prima-facie evidence of a course of criminal conduct:

"* * * *

"(3) The offenses were committed as part of the same transaction or chain of events, or in furtherance of the same purpose or objective. * * * " R.C. 2901.12(H)(3).

The trial court, in apparent reliance on subsection (A) of R.C. 2901.12, instructed the jury that it could properly find venue in Sandusky County if it found beyond a reasonable doubt that a "sale" occurred in Sandusky County. The court in addition to defining sale in accord with R.C. 3719.01(EE) [1] also instructed the jury without objection that "sale" was "an offer and acceptance, a meeting of the minds, as to this transaction * * *."

Appellant characterizes the agreement between himself and the agents as mere preparation for the actual sale. The sale was the physical exchange of money and marijuana which occurred in Erie County. Citing *State v. Domer* (1964), 1 Ohio App.2d 155, 161, 30 O.O.2d 193, 196–197, 204 N.E.2d 69, 75, appellant contends that mere acts of preparation are not sufficient to establish an element of a crime for venue purposes.

■ We believe that the dichotomy asserted by appellant, between "mere preparation" and the full completion of an element of the crime, is an artificial distinction not present in either statutory law or case law. The standard to establish venue is whether "appellant has significant nexus" with the county of venue. *State v. Draggo, supra,* 65 Ohio St.2d at 92, 19 O.O.3d at 296, 418 N.E.2d at 1346. Here, there is little doubt that the transaction which formed

---

**1.** R.C. 3719.01(EE) defines "sale" as including:
"delivery, barter, exchange, transfer, or gift, or *offer thereof,* and each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee." (Emphasis added.)
Clearly, the offer of sale occurred in Sandusky County.

the basis of the charge was planned and agreed to in full detail in Sandusky County. In our belief, that is sufficient to establish venue in Sandusky County.

Additionally, if appellant's acts, as alleged in Counts 1 and 2 of the indictment, are considered as a course of criminal conduct, then venue lies in any jurisdiction wherein one such offense occurred. R.C. 2901.12(H); *State v. Urvan* (1982), 4 Ohio App.3d 151, 155, 4 OBR 244, 248–249, 446 N.E.2d 1161, 1165–1166. The statute contains a nonexclusive list of acts which constitute prima facie evidence of a course of criminal conduct. The conduct complained of in both counts of appellant's indictment is selling drugs. Once that is established, it is plain that appellant's conduct falls within the acts enumerated in R.C. 2901.12(H)(3), which prima facie establishes a course of criminal conduct. It is uncontroverted that appellant's sale of drugs on January 3, 1991 occurred solely in Sandusky County. Accordingly, appellant's second assignment of error is not well taken.

On consideration whereof, the court finds that substantial justice was accorded the defendant, and the judgment of the Sandusky County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., and ABOOD, J., concur.