Appellant, Shaunn Miller, appeals from his conviction in the Greene County Common Pleas Court of unauthorized use of a motor vehicle in violation of R.C. 2913.03.
In a single assignment of error, Miller contends the trial court erred in denying his motion to dismiss based on his claim that the prosecution was improperly venued in Greene County, Ohio.
The facts in this case are not seriously in dispute. The appellant began work as a salesman for Morningstar Chrysler-Plymouth-Dodge in Fairborn, Ohio on January 20, 1997, Fairborn is located in Greene County, Ohio. Miller's supervisor was Richard Huff. Shortly after he was hired, Miller was disciplined by Huff for failing to appear for work on January 25, 1997 without excuse.
Miller was permitted by Morningstar to use a late model Chrysler Intrepid because he was experiencing problems with his own car. On February 15, 1997, Miller again failed to appear for work or account for his whereabouts. When the defendant failed to appear for work on February 16, 1997, he was terminated. On the afternoon of February 16, 1997, Huff reached Miller by telephone and told him he was required to return the loaned automobile by 5:00 p.m. that day or the police would be notified.
When the vehicle was not returned, Huff contacted Officer Stephen Jahns of the Fairborn Police Department. Jahns attempted to contact Miller but was unsuccessful. He left a message on the defendant's answering machine to contact Jahns but Miller never responded.
The vehicle was ultimately recovered by the Fairborn police on February 21, 1997 in the parking lot of the defendant's apartment complex.
R.C. 2901.12(A) sets forth in part the requirements for venue in a criminal case in Ohio, as follows:
 "A. The trial of a criminal case in this State shall be held in a Court having jurisdiction of the subject matter, and in the territory of which the offense or any element thereof was committed.
R.C. 2913.03(A) provides that no person shall knowingly use or operate a motor vehicle without the consent of the owner or person authorized to give consent.
In State v. Draggo (1981), 65 Ohio St.2d 88, the Ohio Supreme Court upheld the defendant's conviction in Franklin County of theft in office and tampering with records. The defendant was an employee of the State Auditor's office as a highway field examiner. He was to audit activities of the Ohio Department of Transportation in an eight county district in southwest Ohio. Franklin County was not one of the eight counties.
In affirming Draggo's conviction, the Court found venue was proper in Franklin County because he answered to his supervisor in Franklin County, he knowingly submitted his false reports to Franklin County, and he received his salary from Franklin County. The Court found that the appellant had a "significant nexus with Franklin County, and therefore the "any element" requirement of R.C. 2901.12(G) properly allowed trial in Franklin County.
In State v. Hackworth (1992), 80 Ohio App.3d 362, the Sandusky County Court of Appeals reiterated that the standard to establish venue is whether "appellant has a significant nexus" with the county of trial, and where the transaction that formed the basis of the charge was planned and agreed to in full detail in the county of trial, venue was proper despite the facts the drugs and money had been exchanged in another county.
One of the elements of the unauthorized use of a motor vehicle offense is "use without the consent of the owner." Although the defendant originally removed the victim's vehicle from Greene County with the victim's consent, his refusal to return the vehicle to the victim in Greene County after consent was withdrawn is what gave rise to the criminal charges. The victim in this case was a car dealer in Greene County who was directly impacted by the defendant's conduct. The victim's withdrawal of consent occurred in Greene County and non-consent of the owner is an element of R.C. 2913.02. There is a sufficient nexus to Greene County to meet the venue requirements of R.C.2901.12(A). The assignment of error is overruled.
The judgment of the trial court will be Affirmed.
YOUNG, P.J., and WOLFF, J., concur.
Copies mailed to:
Robert K. Hendrix
Lawrence J. White
Hon. M. David Reid