OPINION
{¶ 1} Defendant-appellant, Jermaine Meridy, appeals from his conviction and sentence in the Clermont County Court of Common Pleas on two counts of trafficking in crack cocaine.
 {¶ 2} In January 2001, Officer Todd Reed of the Clermont County Narcotics Unit began investigating Gregory Jackson for his alleged distribution of narcotics. Officer Reed enlisted the aid of a confidential informant, Duane Rose, who was facing drug charges of his own. Rose told Officer Reed that he could buy crack cocaine from Jackson. On January 24, 2001 and February 1, 2001, Officer Reed sent Rose to purchase crack cocaine from Jackson, at Jackson's residence in Bethel, Clermont County. Jackson did not have the drugs on him; instead, he obtained them by contacting his supplier in Hamilton County, whom Jackson knew by the street name, "Scales." On the nights in question, Jackson, from his Clermont County residence, telephoned Scales, who was at his Hamilton County residence. They arranged the drug sales over the phone, discussing such terms as price and quantity. On both occasions, Jackson had Rose drive him from Jackson's home in Clermont County to locations in Hamilton County, where Jackson purchased the drugs from "Scales," and then took them back to his home in Clermont County, where he divided them with Rose. Jackson's children were allegedly present at the time he discussed the drug transactions with appellant over the phone and when he and Rose divided the drugs between them.
 {¶ 3} Jackson was later arrested, tried and convicted for drug trafficking. He agreed to work with the state in exchange for leniency in the disposition of his case. Officer Reed subsequently learned that "Scales" was appellant. On July 17, 2002, appellant was indicted in the Clermont County Common Pleas Court on two counts of trafficking crack cocaine in the vicinity of a juvenile in violation of R.C. 2925.03(A)(1) and (C)(4)(d). The state presented appellant with a bill of particulars on or about February 25, 2003, and an amended bill of particulars on September 19, 2003. In the amended bill of particulars, the state expressed its intention to present evidence showing that appellant "aided/abetted or was complicit" with Greg Jackson in the sale or offer to sell crack cocaine to a confidential informant (i.e., Rose).
 {¶ 4} On September 22, 2003, appellant was tried on the charges for which he was indicted. The state presented the testimony of, among others, Officer Reed, Rose, and Jackson, who related the facts stated above. During the state's closing argument, the prosecutor told the jury that it could convict appellant of trafficking simply by virtue of the fact that he had sold or offered to sell drugs to Jackson. At the close of oral argument, defense counsel objected to the prosecutor's statement that appellant could be convicted simply by virtue of his sale or offer to sell drugs to Jackson, arguing that the defense had not been notified of this fact in the bill of particulars. The trial court agreed with this argument, and provided the jury with the following clarification:
 {¶ 5} "There was one part of [the prosecutor's] argument that I thought was improper and in that respect I'm going to give you some clarification. The sale or offer to sell * * * in this case that is at issue is the sale or offer to sell to the confidential informant [i.e., Rose] and not to Jackson. The state's theory is that either [appellant] was a principal in the sale of the drugs or the sale * * * or offer to sell to the confidential informant or he was an accomplice in that.
 {¶ 6} "There was reference to the fact that you could find [appellant] guilty simply if you found that there was a sale of drugs to Jackson. And I'm instructing you that [appellant] cannot be found guilty simply based upon a sale of drugs by [appellant] to Jackson. That what is at issue is the sale of drugs to the confidential informant. And if you find, following the instructions that I've given you, that he was a principal or an accomplice, and follow the other instructions, then you can certainly consider that but not solely the sale or offer to sell to Jackson."
 {¶ 7} The jury convicted appellant on the two charges of trafficking in crack cocaine, but found that he did not commit the offenses in the vicinity of a juvenile. The trial court ordered appellant to serve a two-year sentence on each count and ordered that the sentences be served consecutive to one another, and consecutive to a two-year sentence that had been imposed on him for a previous conviction in Hamilton County.
 {¶ 8} Appellant now appeals from his conviction and sentence, raising the following assignments of error:
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "The trial court erred to the prejudice of the defendant by denying the defendant-appellant meridy's motion for acquittal at the close of the state's case because the evidence presented was insufficient to sustain a conviction of the charges presented by the state."
 {¶ 11} Appellant argues that the state failed to prove that Clermont County was the proper venue for this case. In support, he argues that there were two distinct transactions in this case: one between him and Jackson in Hamilton County, and one between Jackson and Rose in Clermont County. Alternatively, he argues that there was only one transaction, i.e., when Jackson bought the drugs in Hamilton County with money from Rose. Either way, appellant argues, no drug activity involving him took place in Clermont County, and, therefore, the state failed to prove that Clermont County was the proper venue for his trial. We disagree with this argument.
 {¶ 12} "`Venue' commonly refers to the appropriate place of trial for a criminal prosecution within a state." State v. Williams (1988),53 Ohio App.3d 1, 5. Venue is not a material element of any offense charged. State v. Headley (1983), 6 Ohio St.3d 475, 477. But the prosecution must prove beyond a reasonable doubt that the crime alleged was committed in the county where the indictment was returned and the trial held, or that the accused has waived this right; otherwise, the accused cannot be convicted. State v. Nevius (1947), 147 Ohio St. 263, paragraph three of the syllabus; State v. McCartney (1988),55 Ohio App.3d 170. "The importance of venue is to give the defendant the right to be tried in the vicinity of his alleged criminal activity; the need to have venue is to limit the state from indiscriminately seeking a favorable location for trial or selecting a site that might be an inconvenience or disadvantage for the defendant." (Emphasis sic.)State v. Gentry (M.C. 1990), 61 Ohio Misc.2d 31, 34, citing State v.Loucks (1971), 28 Ohio App.2d 77, 82.
 {¶ 13} In this case, appellant was indicted for (and subsequently convicted of) two counts of trafficking in crack cocaine, pursuant to R.C. 2925.03(A)(1). R.C. 2925.03 states, in relevant part:
 {¶ 14} "(A) No person shall knowingly do any of the following:
 {¶ 15} "(1) Sell or offer to sell a controlled substance."
 {¶ 16} The state proceeded against appellant on two alternative theories: (1) that appellant was the principal offender in the selling or offering to sell drugs to the state's confidential informant, Rose, and Jackson aided and abetted him in doing so; or (2) that appellant aided and abetted Jackson in selling or offering to sell drugs to Rose. Under either theory, venue was proper in either Clermont County or Hamilton County.
 {¶ 17} "The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed." R.C. 2901.12(A). "When it appears beyond a reasonable doubt that an offense or any element of an offense was committed in any of two or more jurisdictions, but it cannot be reasonably determined in which jurisdiction the offense or element was committed, the offender may be tried in any of those jurisdictions." R.C. 2901.12(G). Thus, where there is evidence that an offense may have occurred partially in one county and partially in another, the offender may be tried in either county. Statev. Beuke (1988), 38 Ohio St.3d 29, 41-42.
 {¶ 18} In State v. Hackworth (1992), 80 Ohio App.3d 362, the court addressed issues regarding venue similar to the ones that appellant is raising here. The opinion in that case states, in relevant part, as follows:
 {¶ 19} "Appellant argues that the state failed to introduce evidence that the alleged crime described in Count 2 of the indictment or any of its elements occurred in Sandusky County. Appellant maintains that since the evidence indicates that the actual exchange of money and marijuana took place in Erie County, the state failed to prove proper venue in Sandusky County.
 {¶ 20} "* * *
 {¶ 21} "Appellant characterizes the agreement between himself and the agents as mere preparation for the actual sale. The sale was the physical exchange of money and marijuana which occurred in Erie County. CitingState v. Domer (1964), 1 Ohio App.2d 155, 161 * * *, appellant contends that mere acts of preparation are not sufficient to establish an element of a crime for venue purposes.
 {¶ 22} "We believe that the dichotomy asserted by appellant, between `mere preparation' and the full completion of an element of the crime, is an artificial distinction not present in either statutory law or case law. The standard to establish venue is whether `appellant has significant nexus' with the county of venue. State v. Draggo [(1981)],65 Ohio St.2d [88,] 92 * * *. Here there is little doubt that the transaction which formed the basis of the charge was planned and agreed to in full detail in Sandusky County. In our belief, that is sufficient to establish venue in Sandusky County." Hackworth,80 Ohio App.3d at 365-366.
 {¶ 23} We find the reasoning in Hackworth to be persuasive and applicable to this case. There is little doubt that the transaction that formed the basis of the charges against appellant was planned and agreed to during telephone conversations in Clermont County between appellant, who was in Hamilton County, and his coconspirator, Gregory Jackson, who was at his residence in Bethel, Clermont County. Id. The evidence showed that appellant and Jackson discussed the important terms of the drug sale, including price and quantity, during these telephone conversations. Furthermore, Jackson testified that appellant was aware that he was going to bring the drugs back to Clermont County for resale. Appellant had known Jackson since 1999, and was aware that Jackson lived in Clermont County. The evidence showed that there was a "significant nexus" with Clermont County. Draggo, 65 Ohio St.3d at 92. Also, the evidence was sufficient to establish venue in Clermont County, whether appellant is viewed as having been the principal in the sale or offer to sell drugs to the confidential informant, with appellant being aided and abetted by Jackson, or whether appellant is viewed as having aided and abetted Jackson in the sale or offer to sell drugs to the confidential informant. See Hackworth, 80 Ohio App.3d at 366-367. Accordingly, we reject appellant's claim that the state failed to prove that Clermont County was a proper venue for appellant's trial.
 {¶ 24} Appellant's first assignment of error is overruled.
 {¶ 25} Assignment of Error No. 2:
 {¶ 26} "The trial court erred to the prejudice of the defendant-appellant by sentencing him to consecutive sentences without making the required findings of [R.C.] 2929.14(E)(4)."
 {¶ 27} Appellant argues that the trial court failed to make the findings necessary under R.C. 2929.14(E)(4) to impose consecutive sentences on him for his offenses. We disagree with this argument.
 {¶ 28} "Pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, paragraph one of the syllabus. R.C. 2929.14(E) states, in pertinent part:
 {¶ 29} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 30} "* * *
 {¶ 31} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 32} R.C. 2929.19(B) states, in pertinent part:
 {¶ 33} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 34} "* * *
 {¶ 35} "(c) If it imposes consecutive sentences under section 2929.14
of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 36} In this case, the trial court, at the sentencing hearing, found that consecutive sentences were necessary to protect the public from future crime and to punish appellant. R.C. 2929.14(E)(4). It also found that imposing consecutive sentences was not disproportionate to the seriousness of appellant's conduct and to the danger he posed to the public. Id. It further found that appellant's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by him. R.C. 2929.14(E)(4)(c). In support of these findings, the trial court carefully set forth, at the sentencing hearing, the history of appellant's prior convictions and noted that they demonstrated that appellant was "not a casual trafficker of drugs," but, instead, was "involved in the marketing of drugs." The trial court also noted that the probation he had received for an earlier conviction "was not effective. He didn't respond favorably to the sanctions, but has in fact continued in the trafficking of illegal drugs." The trial court further found at the sentencing hearing that "[r]ecidivism is likely" in appellant's case given his criminal history. A review of the transcript of the sentencing hearing demonstrates that the trial court complied with the requirements of R.C. 2929.14(E)(4) and Comer, 99 Ohio St.3d 463, paragraph one of the syllabus.
 {¶ 37} Appellant's second assignment of error is overruled.
 {¶ 38} Assignment of Error No. 3:
 {¶ 39} "The defendant-appellant was denied his right to effective assistance of counsel in violation of the fifth, sixth, eighth, andfourteenth amendments of the united states constitution and sections 2,9, 10 and article i of the ohio constitution."
 {¶ 40} Appellant argues that his trial counsel provided him with constitutionally ineffective assistance of counsel, by failing to argue, in a timely manner, that his speedy trial rights were violated, and by failing to object to the state's admission of the lab reports regarding the drugs they collected from their confidential informant (Rose). We disagree with this argument.
 {¶ 41} In order to demonstrate constitutionally ineffective assistance of counsel, a criminal defendant must show that his counsel's performance "fell below an objective standard of reasonableness," Strickland v.Washington (1984), 466 U.S. 668, 688, 104 S.Ct. 2052, and that there is a "reasonable probability" that but for his counsel's deficient performance, the outcome of his trial would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.
 {¶ 42} First, even if appellant's counsel had raised a speedy trial claim in a timely manner in the trial court, appellant would not have prevailed on it. A criminal defendant has a fundamental right to a speedy trial on any criminal charges leveled against him. State v. Hughes,86 Ohio St.3d 424, 425, 1999-Ohio-118. This fundamental constitutional right is implemented by this state's speedy trial statutes contained in R.C. 2945.71 et seq. R.C. 2945.71(C) requires that a person charged with a felony be brought to trial within 270 days after his arrest. See R.C. 2945.71(C)(2). R.C. 2945.71(E) provides that, for purposes of computing time under the speedy trial statutes, each day a defendant is held in jail in lieu of bail on the pending charge is counted as three days. However, this triple-count provision applies only where the defendant is held in jail in lieu of bail solely on the pending charge. State v.Kaiser (1976), 56 Ohio St.2d 29, paragraph two of the syllabus.
 {¶ 43} In this case, appellant does not refer to the date of his arrest, but instead refers to the date of his indictment, which was in July 2002. However, the time period for bringing a defendant to trial under R.C. 2945.71(C)(2) commences on the date of his arrest. It is not clear under this record when appellant was arrested, but it appears that at the time he was being held in jail for this offense, appellant had other charges pending against him in Hamilton County for a separate offense, of which he was subsequently convicted. Furthermore, it appears that much of the delay that occurred in bringing appellant to trial for the offenses on which he was indicted in Clermont County was not chargeable to the state. For example, appellant had to change defense counsel at one point in the proceedings because his original counsel represented his coconspirator, Gregory Jackson and had to withdraw as appellant's counsel on conflict of interest grounds. Another delay in the proceedings arose because of a motion to suppress brought by appellant's original counsel, which was subsequently withdrawn by his new counsel. The delays caused by these events were chargeable to appellant rather than the state for purposes of speedy trial computation. See, e.g., Statev. Stamps (1998), 127 Ohio App.3d 219, 228 (the time for bringing a defendant to trial is extended by defendant's moving to suppress evidence). Therefore, it does not appear from the record that appellant's speedy trial rights were violated and his counsel cannot be charged with ineffective assistance of counsel for failing to raise this issue in a timely manner.
 {¶ 44} As to appellant's claim that his counsel was ineffective for failing to object to the admission of the lab reports on the drugs that were destroyed by the police, we note that appellant has not presented any case law nor offered any argument showing why the admission of those reports was improper. We conclude that it was not.
 {¶ 45} A criminal defendant has a constitutional right to have access to evidence, and the state's failure to preserve potentially useful evidence may violate the defendant's due process rights under theFourteenth Amendment to the United States Constitution. See Californiav. Trombetta (1984), 467 U.S. 479, 488-489, 104 S.Ct. 2528. The failure to preserve potentially useful evidence violates a defendant's due process rights where the police or prosecution acts in bad faith. State v. Lewis
(1990), 70 Ohio App.3d 624, 633-634.
 {¶ 46} In this case, the state presented evidence showing that the drugs were destroyed inadvertently, after the police had successfully prosecuted appellant's co-conspirator, Gregory Jackson. They did not initially know who "Scales" was, and only later learned that "Scales" was appellant in this case. The trial court gave the jury a proper instruction on the negative inference they could draw against the state as a result of its failure to preserve the evidence. As a result, trial counsel cannot be charged with providing appellant constitutionally ineffective assistance for not objecting to the admission of the lab reports in this case.
 {¶ 47} Appellant also argues that his relationship with his second trial counsel was so bad that the trial court was obligated to remove his counsel and appoint a new one. We disagree with this argument.
 {¶ 48} "The Sixth Amendment does not guarantee `rapport' or a `meaningful relationship' between client and counsel." State v. Henness,79 Ohio St.3d 53, 65, 1997-Ohio-405. "To discharge a court-appointed attorney, the defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel." State v. Coleman (1988),37 Ohio St.3d 286, paragraph four of the syllabus. The trial court's determination is subject to an abuse of discretion standard. Id. A trial court abuses its discretion only when its decision is arbitrary, unreasonable or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157.
 {¶ 49} In this case, it is clear that the relationship between appellant and his trial counsel was strained. Indeed, during the pretrial hearing held on this issue, appellant's counsel acknowledged having lost his temper with appellant at one point during their discussions. His having done so was regrettable. However, a review of the entire record demonstrates that while hostility existed between appellant and his trial counsel, this personality conflict did not prevent appellant's counsel from providing appellant with effective representation. Henness,79 Ohio St.3d at 66. Appellant's counsel had a difficult case to try, and the evidence against appellant was formidable. We conclude that appellant's trial counsel provided appellant with adequate representation, despite the personal animus that existed between them. The trial court did not abuse its discretion in overruling appellant's request to have his court-appointed counsel discharged.
 {¶ 50} Appellant's third assignment of error is overruled.
 {¶ 51} Assignment of Error No. 4:
 {¶ 52} "The decision was against the manifest weight of the evidence and should be reversed."
 {¶ 53} Appellant argues that his conviction was against the manifest weight of the evidence with respect to the issue of venue. We disagree with this argument. The evidence plainly showed that elements of the offenses for which appellant was convicted were committed in Clermont County; thus, that county was a proper venue for appellant's trial. This is not a jury that "lost its way" in evaluating the evidence when it made this determination. State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 54} Appellant's fourth assignment of error is overruled.
 {¶ 55} Judgment affirmed.
Young, P.J., and Walsh, J., concur.