OPINION
{¶ 1} Defendant-Appellant Christopher Hicks appeals from his conviction and sentence on three counts of Trafficking in Cocaine and one count of Possession of Criminal Tools. He presents three issues on appeal. He asserts that: (1) his trial [D1] counsel was ineffective for allowing the trial to continue without his presence; (2) the State failed to prove venue as to one count of Trafficking; and (3) the trial court improperly denied his motion for a continuance in order to retain new counsel. From our review of the record, we conclude that Hicks was adequately represented at trial, and that the State did prove venue. We also conclude that the trial court did not abuse its discretion in denying Hicks's motion for a continuance to seek new counsel on the morning of his fifth trial date.
 I {¶ 2} On April 20,2004 Hicks sold 1/4 oz. of crack cocaine and 1/8 oz. of powder cocaine to undercover Detective Craig Polston in the Wal-Mart parking lot in Xenia, Ohio. The sale was arranged through a confidential informant and was videotaped. During the sale Hicks told Detective Polston to call him directly if he wanted to buy more cocaine in the future, and agreed to discount the price of future buys. Hicks assured Detective Polston of the high quality of the cocaine. Detective Polston asked Hicks what the price would be for ½ oz. of powder cocaine and was told $500-600. After Hicks left the scene, Detective Polston arranged for field and laboratory testing, both of which confirmed that the substances he purchased from Hicks were cocaine.
 {¶ 3} Two days later, Detective Polston called Hicks to arrange a second buy of cocaine. The conversation was recorded. During the call Hicks again bragged about the quality of his cocaine. He also provided details of his drug selling operation, including his crack cocaine cooking technique and his preferred transaction locations. Hicks offered to sell Detective Polston 12 grams of crack the following day, but the transaction did not take place, due to concerns of exposing the confidential informant.
 {¶ 4} Hicks was indicted on three counts of Trafficking in Cocaine and one count of Possession of Criminal Tools. At the same time, Hicks was also indicted on a count involving a previous act of Trafficking with the confidential informant and one count of possession of criminal tools, but those counts were dismissed before trial.
 {¶ 5} Hicks appeared for the first day of trial. Without explanation, Hicks failed to come to court the following day. After a delay, the court decided to proceed without Hicks. A jury found Hicks guilty on all counts, and the trial court issued a capias for Hicks's arrest. After nearly three months Hicks was arrested, and sentencing was set for the following month. The trial court sentenced Hicks to a mandatory seven-year prison term. Hicks now appeals from his convictions.
 II {¶ 6} Hicks's First Assignment of Error is as follows:
 {¶ 7} "APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO MOVE FOR A CONTINUANCE OR EXPLAIN THE CIRCUMSTANCES FOR APPELLANT'S ABSENCE IN MEDIAS RES."
 {¶ 8} In his First Assignment of Error, Hicks alleges that he was inadequately represented because, after he failed to appear for the second day of trial, his attorney failed either to ask for a continuance or to object to the trial proceeding in his absence. We conclude that the trial court did not abuse its discretion by finding that Hicks had voluntarily absented himself from the trial and by proceeding without him. Therefore, we will not fault trial counsel for electing to allow the trial to go forward without an objection or a request for a continuance.
 {¶ 9} In order to prevail on a claim of ineffective assistance of counsel, the defendant must show both deficient performance and resulting prejudice. Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. To show deficiency, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. Trial counsel is entitled to a strong presumption that his conduct falls within the wide range of effective assistance. Id. The adequacy of counsel's performance must be viewed in light of all of the circumstances surrounding the trial court proceedings. Id. Hindsight may not be allowed to distort the assessment of what was reasonable in light of counsel's perspective at the time. State v. Cook (1992),65 Ohio St.3d 516, 524, 605 N.E.2d 70.
 {¶ 10} Even assuming that counsel's performance was ineffective, the defendant must still show that the error had an effect on the judgment.State v. Bradley (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373. Reversal is warranted only where the defendant demonstrates that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id.
 {¶ 11} Criminal Rule 43 allows a defendant to be present for all proceedings. However, a defendant may chose to waive this right. When a defendant voluntarily absents himself from proceedings, he is deemed to have waived this right. Crim.R. 43(A). "'If counsel has no explanation for the defendant's absence, the trial court may. . . find the absence to be voluntary because the presumption that the defendant knows of his obligation to attend has gone unrebutted.'" State v. Thornton,
Montgomery App. No. 20652, 2005-Ohio-3744, quoting State v. Carr (1995),104 Ohio App.3d 699, 703, 663 N.E.2d 341. Accordingly, any request for a continuance or objection by defense counsel would likely have been futile.
 {¶ 12} Hicks appeared for the first day of trial, but without explanation he failed to appear in court the following day. Despite extensive conversations the previous evening, Hicks failed to advise his attorney that he would not be present for the second day of trial, and Hicks's attorney had no explanation of why his client did not appear. Hicks's attorney called his client's cell phone, but got only voice mail, and left a message. After a half-hour delay, the court concluded that Hicks had voluntarily absented himself and decided to proceed without him. Following the close of the State's case, defense counsel advised the court that he had received a voice mail from Hicks very shortly after the trial resumed stating that Hicks was in Cincinnati with car trouble and that Hicks would call again later. Although Xenia police went to Hicks's home several times during the second day of trial, he was not home. Moreover, Hicks never called his attorney back.
 {¶ 13} Under these circumstances, trial counsel cannot be faulted for electing to allow the trial to go forward without an objection or a request for a continuance. Because the record shows that counsel violated no essential duty to Hicks, he was not denied the effective assistance of trial counsel. His First Assignment of Error is overruled.
 III {¶ 14} Hicks's Second Assignment of Error is as follows:
 {¶ 15} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ENTERING A VERDICT OF GUILTY WHICH WAS CONTRARY TO LAW DUE TO PROSECUTOR'S FAILURE TO PROVE VENUE BEYOND A REASONABLE DOUBT.
 {¶ 16} Hicks argues that the trial court should have granted his Crim.R. 29 motion for judgment of acquittal on count six of Trafficking in the indictment, because the State failed to prove that Greene County was the appropriate venue. He therefore concludes that his conviction should be vacated. We disagree.
 {¶ 17} While venue is not a material element of an offense, it still must be proven in order to support a criminal conviction. State v.Draggo (1991), 65 Ohio St.2d 88, 90, 418 N.E.2d 1343. When a defendant engages in a course of criminal conduct and one offense or element of an offense occurs in the trial county, venue is proper if the offenses were committed as part of the same transaction or chain of events, or in furtherance of the same purpose or objective. R.C. § 2901.12(H)(3).
 {¶ 18} At the close of the State's case, defense counsel made a Crim.R. 29 motion to dismiss count six, contending that the State had failed to prove venue, because no element of the offense took place in Greene County. Specifically, counsel argued that the mere presence of Deputy Polston in Greene County when he called Hicks was insufficient.
 {¶ 19} Citing State v. Hackworth (1992), 80 Ohio App.3d 362,609 N.E.2d 228, and State v. Meridy, Clermont App. No. 2003-11-091,2005-Ohio-241, the State replied that even though Hicks received Detective Polston's call at an unknown location, the call was placed from Greene County, and the sale was set to occur in Greene County. Moreover, the previous drug sales also took place there. The State also argued that Hicks was involved in a continuing course of criminal conduct in Greene County per R.C. § 2901.12. The trial court agreed that venue in Greene County was appropriate, and overruled the motion.
 {¶ 20} We conclude, following State v. Hackworth, supra, that the facts of this case establish a sufficient nexus to Greene County to prove venue there. Accordingly, Hicks's Second Assignment of Error is overruled.
 IV {¶ 21} Hicks's Third Assignment of Error is as follows:
 {¶ 22} "THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANT'SSIXTH AMENDMENT RIGHT TO COUNSEL OF HIS CHOICE BY DENYING THE APPELLANT'S MOTION TO CONTINUE THE TRIAL SO THAT HE COULD BE REPRESENTED BY RETAINED COUNSEL OF HIS CHOICE."
 {¶ 23} Finally, Hicks asserts that the trial court abused its discretion by denying his request for a continuance in order to retain new counsel. Because Hicks had already requested four continuances of previous trial dates, the trial court did not abuse its discretion in denying yet another request made just minutes before his trial was to begin.
 {¶ 24} The Sixth Amendment to the United States Constitution establishes a defendant's right to representation. Nevertheless, that right must be balanced against the effective and efficient administration of justice. State v. Hook (1986), 33 Ohio App.3d 101,103, 514 N.E.2d 721. Additionally, a defendant's right to retain counsel of his own choosing is not an unqualified right. State v. Keenan (1998),81 Ohio St.3d 133, 137, 689 N.E.2d 929. Therefore, when considering a motion for a continuance or for new counsel, a trial court must balance "any potential prejudice to a defendant against concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." State v. Unger (1981),67 Ohio St.2d 65, 67, 423 N.E.2d 1078.
 {¶ 25} Accordingly, a reviewing court will not reverse a trial court's decision to deny a motion for a continuance or a motion for new counsel absent an abuse of discretion. Unger, supra. The factors to be considered when considering a motion for a continuance include: the length of the requested continuance; any prior continuances; the inconvenience to the litigants, witnesses, opposing counsel and the court; reasons for the delay; whether the defendant contributed to the delay; and other relevant factors. Unger, supra; State v. Landrum
(1990), 53 Ohio St.3d 107, 559 N.E.2d 710. A trial court abuses its discretion when its decision is the product of "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. OhioState Medical Bd. (1993), 66 Ohio St.3d 619, 621, 66 N.E.2d 748.
 {¶ 26} Hicks did not qualify for a public defender, but he did not obtain his own attorney, nor did he seem likely to do so — he kept insisting that he could not afford to hire one. As a result, the trial court called the public defender's office and urged the office to provide free counsel, despite Hicks's lack of indigency, and the office agreed. Counsel was appointed, and the trial date was postponed to accommodate counsel. Trial was again continued at the request of the defense. The case was set for a plea, allowing the trial date to pass, but Hicks refused to enter a plea, and yet another trial date had to be set.
 {¶ 27} On the morning of trial, with a jury pool and witnesses waiting, Hicks announced that he had hired counsel the previous day, and that he wanted another continuance. However, his new counsel neither appeared in court, nor filed a notice of appearance. The court refused a fifth continuance of the trial and ordered the parties to proceed. Nevertheless, the court did offer to allow new counsel to join the case in progress if Hicks wanted him to do so.
 {¶ 28} We have previously upheld a trial court's decision to deny new counsel on the day of trial, finding the request presumptively in bad faith and for the purpose of delay. State v. Hill, Montgomery App. No. 20028, 2004-Ohio-2048. See also, State v. Edgell (1972),30 Ohio St.2d 103, 283 N.E.2d 145; Thurston v. Maxwell (1965), 3 Ohio St.2d 92,209 N.E.2d 204. Similarly, in this case the trial court could justifiably have assumed that Hicks was merely attempting another delay of his trial. Therefore, we conclude that the trial court did not abuse its discretion in denying Hicks's motion for a continuance and for new counsel. Hicks's Third Assignment of Error is overruled.
 V {¶ 29} All of Hicks's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ. concur.