[Cite as *State v. Pearce*, **2017-Ohio-8386**.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 17-COA-013 |
| GREGORY A. PEARCE | : | |
| | : | |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:    Criminal appeal from the Ashland County
Court of Common Pleas, Case No. 15-CRI-
068

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    October 30, 2017

APPEARANCES:

For Plaintiff-Appellee                                    For Defendant-Appellant

CHRISTOPHER TUNNELL                          MATTHEW MALONE
VICTOR PEREZ                                            10 East Main Street
110 Cottage Street                                     Ashland, OH 44805
Ashland, OH 44805

*Gwin, J.*

{¶1}    Appellant Gregory A. Pearce ["Pearce"] appeals his conviction and sentence after a jury trial in the Ashland County Court of Common Pleas for one count of domestic violence in violation of R.C. 2919.25(A), a felony of the third degree due to two prior convictions for domestic violence.

*Facts and Procedural History*

{¶2}    LaShell Cordwell met Pearce through social media.  Shortly after meeting him, she and two of her children moved to Pearce's home.  This was a romantic relationship, and they shared household expenses.

{¶3}    On April 11, 2015, Pearce and Cordwell were drinking alcohol before going to their friend David Hazelton's house located at 240 State Route 604, in Polk, Ashland County, Ohio.  While at Hazelton's house, the couple consumed more alcohol.  Cordwell admitted smoking marihuana.  When the couple decided to go home, Cordwell believed that Pearce was too drunk to drive.  Cordwell testified, "I got in the driver's seat and I was going to drive home...  He wanted to drive so he hit me in the nose and I got in the passenger's seat and we went home."  1T. at 32.  She then testified that she "started bleeding on the lips."  Id.  Upon arriving home, located at 107 West Congress Street, Ashland, Ohio, Cordwell was able to slip away.  She walked to the Polk Market and Deli where she told an employee at the store that Pearce hit her.  Cordwell used the store's telephone to call her mother.  Cordwell's brother, Curtis Stackhouse, called the police.

{¶4}    Hazelton's recollection of the events that transpired that evening differed from Cordwell's recollection.  Hazelton recalled that he did not see Pearce strike Cordwell.  Rather, the couple argued and it was decided that Pearce would drive the car.  The couple

returned a short time after leaving to look for a missing cell phone. At this time, approximately five minutes after they had initially left, Hazelton noticed blood on Cordwell's face. (1T. at 93).

{¶5} Curtis Stackhouse testified that on April 11, 2015, Cordwell did not tell him any details concerning her altercation with Pearce. 1T. at 105. However, he further testified without objection that he had spoken to Cordwell since that time and she related that Pearce backhanded her in the nose during the time that the couple was in the car in route to their home. 1T. at 106.

{¶6} Deputy Kyle Pigeon of the Ashland County Sheriff's Office testified that he had responded to 107 West Congress St. in Polk where Pearce was refusing to come out of his home. He further testified that Polk is in Ashland County, Ohio. Deputy Pigeon testified that State Route 604, where Mr. Hazelton lived, is the county line between Ashland and Wayne counties. 1T. at 141.

{¶7} At the close of the State's case, Pearce moved the trial court for an acquittal pursuant to Crim. R. 29 alleging that venue had not been proven. 1T. at 144. The trial court overruled that motion after taking it under advisement and researching the issue. 2T. at 161.

{¶8} The jury convicted Pearce of domestic violence and further found that he had been convicted of domestic violence on two prior occasions.

*Assignment of Error*

{¶9} Pearce raises one assignment of error,

{¶10} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO GRANT APPELLANT'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL."

*Law and Analyses*

***Standard of Review.***

{¶11}   In determining whether a trial court erred in overruling an appellant's motion for judgment of acquittal, the reviewing court focuses on the sufficiency of the evidence. See, *e.g., State v. Carter*, 72 Ohio St.3d 545, 553, 651 N.E.2d 965(1995); *State v. Jenks*, 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991), *superseded by State constitutional amendment on other grounds in State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668 (1997). "Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally sufficient to support a verdict."  *State v. Cassell*, 10th Dist. No. 08AP-1093, 2010-Ohio-1881, 2010 WL 1731238, ¶ 36, *citing State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶12}   In reviewing a challenge to the sufficiency of the evidence, an appellate court must determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.  Where the evidence, "if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt," it is sufficient to sustain a conviction.  Id.

**Legal Standard - Venue.**

{¶13}   Section 10 of Article I of the Ohio Constitution requires that: "* * * [i]n any trial, in any court, the party accused shall be allowed * * * a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed * * *. " Crim.R. 18(A) states that, "(t)he venue of a criminal case shall be as provided by law."

{¶14} "[J]urisdiction and venue are not the same, as the former denotes the power of the court to hear the case and the latter denotes the situs of trial." *State v. Giffin*, 62 Ohio App.3d 396, 403, 575 N.E.2d 887 (10th Dist. 1991), *citing State v. Loucks*, 28 Ohio App.2d 77, 274 N.E.2d 773 (4th Dist. 1971). Proper venue insures that "the state [does not] indiscriminately [seek] a favorable location for trial or [select] a site that might be an inconvenience or disadvantage to the defendant." *State v. Meridy*, 12th Dist. No. CA2003-11-091, 2005-Ohio-241, 2005 WL 123993, ¶ 12, *quoting State v. Gentry*, 61 Ohio Misc.2d 31, 34, 573 N.E.2d 220 (1990).

{¶15} While venue is not a material element of the offense as charged, it is a fact that the state must prove beyond a reasonable doubt unless waived by a criminal defendant. *State v. Hampton*, 134 Ohio St.3d 447, 2012-Ohio-5688, 983 N.E.2d 324, ¶ 22; *State v. Birt,* 12th Dist. Butler No. CA2012-02-031, 2013-Ohio-1379, 5 N.E.3d 1000, ¶ 27. "Venue need not be proven in express terms; it may be established either directly or indirectly by all the facts and circumstances of the case." *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, 23 N.E.3d 1023, ¶ 144.

{¶16} In *State v. Engle*, this court observed,

In addition, although 'the venue requirement is principally a protection for the defendant,' *Cabrales,* 524 U.S. at 9, 118 S.Ct. 1772, 141 L.Ed.2d 1, other policy considerations are relevant to the proper venue in particular cases. To determine whether the application of a venue provision in a given prosecution comports with constitutional safeguards, a court should ask whether the criminal acts in question bear 'substantial contacts' with any given venue. *United States v. Reed*, 773 F.2d 477, 481 (2d Cir.

1985). The substantial contacts rule offers guidance on how to determine whether the location of venue is constitutional, especially in those cases where the defendant's acts did not take place within the district selected as the venue for trial. While it does not represent a formal constitutional test, *Reed* is helpful in determining whether a chosen venue is unfair or prejudicial to a defendant. This test takes into account four main factors: (1) the site of the crime, (2) its elements and nature, (3) the place where the effect of the criminal conduct occurs, and (4) suitability of the venue chosen for accurate fact-finding. *See* id. at 481." *United State v. Saavedra* (2nd Cir., 2000), 233 F.3d 85, 92-93.

5th Dist. Fairfield No. 03-CA-84, 2005-Ohio-276, ¶43. Ohio's venue statute further provides that when an offender commits offenses in different jurisdictions as part of a course of criminal conduct, venue lies for all the offenses in any jurisdiction in which the offender committed one of the offenses or any element thereof. R.C. 2901.12(H). Offenses "committed as part of the same transaction or chain of events, or in furtherance of the same purpose or objective" serve as "prima facie evidence of a course of criminal conduct." R.C. 2901.12(H)(3).

**The evidence in the case at bar establishes venue in Ashland County, Ohio.**

{¶17} In the case at bar, both Pearce and Cordwell live in Ashland County. (1T. at 59; 70, 77-78). The store clerk present on April 11, 2015 testified that the store was located in Ashland County, Ohio. (1T. at 86). Mr. Hazelton testified that his home is located in Ashland County, Ohio. (1T. at 90). The dispatcher for the Ashland County Sherriff's Office received the call from Mr. Stackhouse on April 11, 2015. (1T. at 98-99).

Three deputies from the Ashland County Sheriff's Department testified concerning their involvement in the gathering of evidence and the arrest of Pearce. (1T. at 112; 119; 136). The record does not contain evidence that venue was proper in any other county. Pearce has not argued any identifiable prejudice resulted in his being tried in Ashland County.

{¶18} It clearly appears beyond a reasonable doubt from all the evidence that the criminal transaction occurred in Ashland County, Ohio. "The venue need not be proved in express terms, where the evidence is such in the state's case that no other inference can be reasonably drawn by the jury." *State v. Dickerson*, 77 Ohio St. 34, 56, 82 N.E. 969(1907), *citing Tinney v. State*, 111 Ala. 74, 20 South. 597.

**Conclusion.**

{¶19} For all of these reasons, we overrule Pearce's sole assignment of error.

{¶20} The judgment of the Ashland County Court of Common Pleas is affirmed.

By Gwin, J.,

Delaney, P.J., and

Hoffman, J., concur